## STATE v. O'BERRY STEPHENS.

(Filed 26 June, 1956.)

**1. Criminal Law § 52a(3)—**

Motion to nonsuit should be denied if there is substantial evidence tending to prove each essential element of the offense charged. This rule applies whether the evidence is direct or circumstantial, or a combination of both.

**2. Criminal Law § 81f—**

An appeal from refusal of defendant's motion to nonsuit in a case in which the State relies upon circumstantial evidence presents the question whether the record, considered in the light most favorable to the State, discloses substantial evidence of all material elements constituting the offense for which the accused was tried.

**3. Criminal Law § 52a(3)—**

Whether there is substantial evidence, direct or circumstantial, of each essential element of the offense, is a question of law for the court; whether circumstantial evidence points unerringly to defendant's guilt and excludes every other reasonable hypothesis, is a question of fact for the jury.

**4. Homicide § 25—**

Evidence tending to show that, on the day before the fatal explosion, defendant procured dynamite, fuse and cap, that shortly after the defendant left the kitchen where his wife was working, an explosion occurred from an explosive placed underneath the stove, together with evidence of conflicting statements made by defendant, and evidence tending to show motive and that defendant failed to make any effort to assist his wife, who was mortally wounded in the explosion, until a neighbor arrived, *held* sufficient to overrule defendant's motion for nonsuit in a prosecution for murder.

**5. Homicide § 30—**

Where the evidence tends to show defendant's guilt of murder, the jury's verdict of guilty of manslaughter, even though evidence of manslaughter is lacking, will not be disturbed on appeal, the verdict being favorable to defendant.

APPEAL by the defendant from *Mallard, J.,* November 1955 Term, ROBESON Superior Court.

Criminal prosecution upon a bill of indictment charging the defendant with the murder of his wife, Edna Anna Stephens. The offense is alleged to have occurred on August 20, 1955.

The evidence of the State tended to show the following: The defendant and the deceased lived in a one-story frame house in the Town of Lumberton. The back porch to the house had been enclosed as a kitchen. About 5:30 a.m. on Saturday, August 20, 1955, a violent explosion completely wrecked the kitchen, leaving only the floor. Mr. Brisson, who lived next door, heard the explosion and went to the scene where he found the defendant with a water bucket trying to put out a small fire in the corner of what had been the kitchen. He arrived at the scene within about three to five minutes after the explosion. The outside walls to the kitchen had been demolished and the roof had been blown several feet from the foundation. Mrs. Stephens was under the roof calling for help. The witness raised up a corner of the roof and the defendant pulled his wife out. Her left leg was blown completely off below the knee and her right leg was practically blown off at the knee. She had the odor of kerosene on her clothes, her hair was slightly singed, and there were burns on her arms and legs. The defendant held her in his arms until the ambulance came. She died from the effects of the injuries at one o'clock on the day of the explosion.

The defendant stated he got up, lighted the burners in the kerosene cook stove, put on his shoes and left the room to feed his chickens. At the time he left, his wife was at the frigidaire a few feet from the stove. While feeding the chickens in the lot a short distance from the kitchen, the explosion occurred.

An officer found a piece of burned-out dynamite fuse about two or three inches long near the kitchen. The explosion blew a hole in the floor, breaking one of the wood sleepers, and blew a hole in the dirt directly under the stove. The two kerosene tanks in the stove had not exploded, though bent apparently by the explosion. Each had a small quantity of kerosene in it after the explosion. The stove was of the cabinet type and the side walls extended all the way to the floor.

The officers collected all available parts of the stove, sent them to the technical laboratory of the Federal Bureau of Investigation in Washington, where George A. Berley, an expert in explosives, examined the parts and from them reconstructed the stove. The examination disclosed that the damaged parts of the stove were bent upwards. After qualifying as an expert in explosives, Mr. Berley testified: "In my opinion the explosion occurred or originated under the stove rather than in the stove itself." The explosion could not have occurred in the kerosene containers in the stove.

When questioned, the defendant denied having obtained, or having made any effort to obtain dynamite.

James R. Freeman was called in by an officer and made the statement in the defendant's presence that he, at the request of the defend-

ant, obtained two sticks of dynamite, a piece of fuse and one dynamite cap, and delivered them to the defendant about five o'clock on the afternoon preceding the explosion. The defendant replied, "Boy, would you tell a story like that on me?" Freeman testified in the case that he delivered the dynamite to the defendant who said he wanted it to blow up a stump.

John A. Parnell, a salesman at Lumberton Trading Company, testified the defendant sought to buy two sticks of dynamite from the store on the day preceding the explosion but that the store did not sell less than a case. "He just wanted two sticks to blow up a stump for a woman."

The State introduced a written statement signed by the defendant in which he admitted he procured the two sticks of dynamite, one cap and one piece of fuse about 10 or 12 inches long from the Freeman boy to blow up a stump for a woman who lived close to the "weave mill." He was unable to identify either the woman or the boy who brought the message. He stated he took the dynamite, wrapped in a piece of paper, fuse and cap, also separately wrapped, and placed them on the windowsill in the kitchen; that his wife knew they were there, but said they would be all right since there were no children around. He stated his wife was in the kitchen when he left to feed the chickens and that he was in the chicken lot when the explosion occurred.

The State introduced evidence tending to show that the defendant had an affair with another woman who had threatened to quit him for the reason that he was married.

At the conclusion of the State's evidence the defendant moved for judgment as of nonsuit, and excepted when the court overruled the motion. The defendant rested without offering evidence, renewed the motion, which was again overruled, and the defendant again excepted. The jury returned a verdict of guilty of manslaughter. From a judgment of imprisonment for not less than 15 nor more than 20 years, the defendant appealed, assigning as error the refusal to grant the motions for judgment as of nonsuit.

*William B. Rodman, Jr., Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*

*L. J. Britt, McLean & Stacy, for defendant, appellant.*

HIGGINS, J. The assignment of error relied upon challenges the sufficiency of the evidence to go to the jury and to sustain the verdict of manslaughter. The defendant does not contend that error was committed, either in the admission or exclusion of evidence, or in the court's charge.

Admittedly, this is a case of circumstantial evidence.  The defendant argues, therefore, that it was the duty of the trial court to analyze and weigh the evidence and to sustain the motion for judgment as of nonsuit unless the evidence, when so weighed and analyzed, points unerringly to the guilt of the accused and excludes every other reasonable hypothesis. The argument does not distinguish between the function of the court and the function of the jury.  When the evidence is closed and the defendant moves for a directed verdict of not guilty, or demurs to the evidence, or moves for judgment of nonsuit, (the three being for all practical purposes synonymous) the trial court must determine whether the evidence taken in the light most favorable to the State is sufficient to go to the jury.  That is, whether there is substantial evidence against the accused of every essential element that goes to make up the offense charged.  If the trial court so finds, then it is its duty to overrule the motion and submit the case to the jury.  Otherwise, the motion should be allowed.  If the motion is overruled, it becomes the court's duty to charge the jury that in making up its verdict it must return a verdict of not guilty unless the evidence points unerringly to the defendant's guilt and excludes every other reasonable hypothesis.  It is the duty of the jury to weigh and analyze the evidence and to determine whether that evidence shows guilt beyond a reasonable doubt.

When a case comes here on exception to the refusal of the trial court to sustain the motion to dismiss, the rule applicable to this Court is the same as that applicable to the trial court.  Taking the evidence in the light most favorable to the State, if the record here discloses substantial evidence of all material elements constituting the offense for which the accused was tried, then this court must affirm the trial court's ruling on the motion.  The rule for this and for the trial court is the same whether the evidence is circumstantial or direct, or a combination of both.

We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt.  We think the correct rule is given in *S. v. Simmons,* 240 N.C. 780, 83 S.E. 2d 904, quoting from *S. v. Johnson,* 199 N.C. 429, 154 S.E. 730: "If there be any evidence tending to prove the fact in issue or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury."  The above is another way of saying there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss.  It is immaterial whether the substantial evidence is circumstantial or direct, or both.  To hold that the

court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury. *S. v. Simpson, ante,* 325; *S. v. Duncan, ante,* 374; *S. v. Simmons, supra; S. v. Grainger,* 238 N.C. 739, 78 S.E. 2d 769; *S. v. Fulk,* 232 N.C. 118, 59 S.E. 2d 617; *S. v. Frye,* 229 N.C. 581, 50 S.E. 2d 895; *S. v. Strickland,* 229 N.C. 201, 49 S.E. 2d 469; *S. v. Minton,* 228 N.C. 518, 46 S.E. 2d 296; *S. v. Coffey,* 228 N.C. 119, 44 S.E. 2d 886; *S. v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472; *S. v. Ewing,* 227 N.C. 535, 42 S.E. 2d 676; *S. v. Stiwinter,* 211 N.C. 278, 189 S.E. 868; *S. v. Johnson, supra.*

In this case the defendant procured dynamite, fuse, and cap on the day preceding the explosion. This he at first denied, but later admitted when confronted with the witnesses from whom he procured them. The officer found a spent fuse near the scene of the explosion. Reconstruction of the stove from its' pieces showed the explosion occurred under, and not in it. The force of the explosion made a hole in the floor and in the ground beneath it. Kerosene in both tanks of the stove indicated the kerosene did not explode. The defendant was present in the kitchen immediately before and was absent at the exact time of the explosion. The evidence showed an apparent motive and it also showed a lack of effort to assist his wife until a neighbor arrived. The character and extent of Mrs. Stephens' injuries, together with other circumstances, indicated she was killed by a charge of dynamite. The facts and circumstances point strongly to the crime of murder.

Evidence of manslaughter is lacking. The defendant, however, cannot complain that "the jury, by an act of grace," has found him guilty of a lesser offense. "Such verdicts occur now and then, despite the efforts of the courts to discourage them. When they do, although illogical or even incongruous, since they are favorable to the accused, it is settled law that they will not be disturbed." *S. v. Bentley,* 223 N.C. 563, 27 S.E. 2d 738; *S. v. Roy,* 233 N.C. 558, 64 S.E. 2d 840; *S. v. Matthews,* 231 N.C. 617, 58 S.E. 2d 625; *S. v. Harvey, supra; S. v. Robertson,* 210 N.C. 266, 186 S.E. 247.

The record discloses

No error.