STATE OF NORTH CAROLINA v. NATHAN RONNIE WITHERSPOON

No. 6921SC279

(Filed 2 July 1969)

1. **Burglary and Unlawful Breakings § 5;   Larceny § 7— nonsuit — sufficiency of evidence**

The State's evidence *is held* sufficient to be submitted to the jury as to defendant's guilt of breaking and entering with intent to steal and felonious larceny where it tends to show that the home of the prosecuting witness was broken and entered and articles stolen therefrom, and that the stolen articles were found the next day in defendant's automobile.

2. **Criminal Law §§ 95, 162—   corroborative evidence — failure to object or request that admission be restricted**

The trial court did not commit prejudicial error in the admission of testimony by a State's witness which tended to corroborate some of the testimony of another State's witness, where defendant failed to object or except to such testimony and made no request that its admission be restricted to the purpose for which it was competent.

3. **Criminal Law § 113—   failure to charge on corroborative evidence — request for instructions**

The trial court did not err in failing to charge the jury as to how it should consider corroborative evidence and the purpose and effect thereof where defendant made no request for such instructions.

ON Writ of Certiorari dated 14 March 1969 to Superior Court of Forsyth County as a substitute for an appeal from *Armstrong, J.,* at the 16 November 1967 Session of the Superior Court of FORSYTH County.

Defendant was tried upon a proper bill of indictment charging him with three felonies. The first count charges breaking and entering with intent to steal, the second count charges him with the felony of larceny of property after breaking and entering of the value of two hundred twenty-five dollars, and the third count charges him with receiving said property of the value of two hundred twenty-five dollars knowing it to have been stolen.

Trial was by jury. The jury found the defendant guilty of the breaking and entering charge and the larceny charge. On the breaking and entering charge the defendant was given an active prison sentence of not less than seven nor more than ten years. On the larceny charge the defendant was given a prison sentence of nine to ten years to begin at the expiration of the prison sentence imposed in the breaking and entering charge, and this judgment was suspended for a term of five years upon the condition that the defendant be of general good behavior and not violate any laws of North Carolina.

The defendant filed petition for a writ of certiorari as a substitute for an appeal which writ was issued.

*Attorney General Robert Morgan and Assistant Attorney General Bernard A. Harrell for the State.*

*Richard C. Erwin for defendant appellant.*

MALLARD, C.J.

The defendant offered no evidence. The evidence for the State was that on the morning of 4 October 1967, James Seivers, who lived on the Walkertown Road in Forsyth County, left his house to go to work at about 7:30 A.M. His wife also left the house to visit Seivers' cousin. When Seivers left home his house was in good order. When he returned about 5:00 P.M. on that date the screen had been torn off the bedroom window. The house had been entered. A ladder was at the back window. A bureau drawer had been opened in the bedroom and contents scattered. Missing from the house were a handbag, movie projector and 5 rolls of film. These articles were taken from the bedroom.

The witness on direct examination identified State's Exhibit 3,

a handbag, as his property that had been stolen from a chair in his bedroom. He likewise identified State's Exhibit 4, a movie projector, as his property that had been stolen from off the sewing machine in his bedroom, and the 5 rolls of film in an envelope, marked State's Exhibit 5, were identified by the witness as his property that had been stolen from his bedroom.

On October 5, 1967, the day after the breaking, entry and theft, Seivers saw the three exhibits in the Sheriff's office. On cross-examination, the witness Seivers admitted that there were no particular identifying marks on the projector or on the film. On the handbag (or overnight bag) the witness identified black marks that were on it before it was stolen.

Mrs. Dorothy Vanhoy, another State's witness, testified that she lived across the road from Seivers' house and that at approximately 9:00 A.M. on the morning of October 4, 1967, she saw a blue car parked across from her driveway. The hood of the car was up; she saw no one near it. About 20 minutes later, she looked out her window and saw a colored man going from Seivers' house carrying something large in his hand, running toward the car. The car left toward Walkertown. She could not identify defendant as being the colored man she saw leaving Seivers' house.

J. R. Trivette testified that he is a Deputy Sheriff of Forsyth County and that on the afternoon of October 4, 1967, at about 5:30 P.M., he went to Seivers' house along with another officer. Seivers told the officer about the entry and the items stolen from his house. Trivette also talked to Mr. Vanhoy and his testimony as to that conversation was in all essentials substantially the same as her testimony.

Trivette testified that on October 5, 1967, the day following the breaking and entering and larceny, at about 9:00 A.M., he saw the defendant at a Texaco Station where he worked about three and one-half miles from Seivers' house. Trivette asked defendant if he could look in the 1965 blue Chevrolet in which the officers had seen him arrive at the station. Defendant consented and opened the trunk of the car, where State's Exhibits 3, 4 and 5 were found. The witness put the market value of the stolen property at approximately $125.00.

[1]   Defendant's assignment of error that the court erred in failing to allow his motion for judgment of nonsuit is overruled. Applying the rule enunciated in State v. Stephens, 244 N.C. 380, 93 S.E. 2d 431 (1956), we think there was such substantial direct or circum-

stantial evidence of each element of the crimes of breaking and entering, and larceny, as to require submission of the case to the jury.

**[2]** The witness Trivette was permitted to testify, without objection or exception, to matters that tended to corroborate some of the testimony of the witness Mrs. Vanhoy. The testimony was thus admitted generally. The appellant did not ask at the time of its admission that its purpose be restricted to the use for which it is competent. Defendant contends that some of the testimony of the witness did not tend to corroborate Mrs. Vanhoy but was inconsistent with her testimony. In the absence of an objection and exception to such testimony, and in the absence of a request to restrict such testimony, we are of the opinion and so hold that in the admission thereof no prejudicial error appears. Even if its admission was error, it is not properly presented on this record.

**[3]** Defendant also contends that the failure of the judge to charge the jury as to how it should consider corroborative evidence and the purpose and effect thereof was prejudicial error. G.S. 1-180 requires the trial judge when instructing the jury to state the evidence given in the case to the extent necessary to explain the application of the law thereto; to instruct the jury on all substantive features; to define and apply the law thereto; and to state the contentions of the parties. In 3 *Strong, N.C. Index* 2d, *Criminal Law,* § 113, it is said:

> "Instructions to scrutinize the testimony of an alleged accomplice, or that the jury should not consider evidence withdrawn by the court, *or explaining the difference between corroborative and substantive evidence,* or charging how evidence relating to the credibility of a witness should be considered, *or that certain evidence had been admitted solely for the purpose of corroboration,* or that the jury should take its own recollection of the evidence, or instructions on defendant's evidence of good character, *relate to subordinate features* upon which the court is not required to charge in the absence of request for special instruction aptly made." (Emphasis added).

We are of the opinion and so hold that in this case it was not error, in the absence of a proper and specific request, to fail to instruct the jury on the subordinate feature of corroborative evidence.

Defendant contends that the court committed other errors in the charge, but after carefully considering the entire charge we are of the opinion and so hold that no prejudicial error appears therein.

The defendant contends that the court ought to find some error in the sentences imposed but fails to point out any error. The defend-

ant, however, concedes that the sentences are within the statutory limits.

No prejudicial error has been made to appear, and in the trial we find

No error.

BRITT and PARKER, JJ., concur.