STATE OF NORTH CAROLINA v. WILLIE SWANN

No. 7014SC387

(Filed 15 July, 1970)

Homicide § 30— second degree murder — submission of manslaughter — prejudice to defendant

In this prosecution for second degree murder, defendant was not prejudiced by the submission to the jury of the issue of defendant's guilt of manslaughter, notwithstanding defendant's contention that all of the evidence pointed to the crime of murder and that the only controversy was whether defendant was the perpetrator.

APPEAL by defendant from *Canaday, J.,* 16 February 1970 Session, DURHAM Superior Court.

Bee James, a Negro male, aged 70, was killed in his rural home-store on Wednesday, 20 May 1964. Severe blows to his head caused immediate unconsciousness and death within a few minutes. When discovered, his lifeless body was lying on the porch. The body and building were partially burned in an apparent effort to conceal the crime.

Defendant was arrested 22 May 1964 upon a warrant charging him with the murder of Bee James on 20 May 1964. The record of the events between defendant's arrest on 22 May 1964 and his trial at the 16 February 1970 Session is recounted below.

A bill of indictment charging that defendant, on 20 May 1964, murdered Bee James, was returned at June 1964 Criminal Session. C. C. Malone, Jr., court-appointed counsel, first conferred with defendant in the Durham County Jail on June 2 or 3, 1964. On 18 June 1964, the court, on motion of Mr. Malone, entered an order committing defendant to Cherry Hospital for sixty days for observation. G.S. 122-91. On 1 September 1964, at the request of the superintendent, the court entered an order extending for sixty days the period for examination.

On 12 October 1964, the court was advised that, in the opinion of the examining physicians, defendant was not able to stand trial. At 15 October 1964 Criminal Session, a jury was impaneled to pass upon the competency of defendant to stand trial. The court submitted this issue: "Is the Defendant insane and without sufficient mental capacity to undertake his defense or to receive sentence in this case?" After hearing evidence, the jury answered the issue, "Yes." Thereupon, the court ordered that defendant be committed to Cherry Hospital for an indeterminate period.

Defendant was confined at Cherry Hospital from 19 June 1964, until October, 1966, at which time he was returned to Durham County as being competent to stand trial. G.S. 122-84 and 87.

At December 1966 Criminal Session, defendant pleaded not guilty to said murder indictment returned at June 1964 Criminal

Session and was tried thereon. A mistrial was ordered on account of the jury's inability to agree on a verdict.

At February 1967 Criminal Session, defendant was again tried on said murder indictment returned at June 1964 Criminal Session. Defendant was found guilty of murder in the second degree and judgment, imposing a prison sentence of not less than twenty-eight nor more than thirty years, was pronounced. Upon defendant's appeal, judgment was affirmed by the Supreme Court of North Carolina. *State v. Swann,* 272 N.C. 215, 158 S.E. 2d 80, decided 13 December 1967.

On 15 March 1968, defendant initiated post-conviction proceedings under G.S. 15-217 *et seq.* The court appointed Jerry L. Jarvis to represent defendant in said proceedings. At the 3 June 1968 Special Criminal Session of Durham Superior Court, J. William Copeland, the Presiding Judge, entered the following judgment: "IT IS ORDERED, ADJUDGED AND DECREED that the Judgment entered at the February, 1967 Criminal Session of the Durham County Superior Court in case No. 66-CrS-64 be, and the same is hereby, set aside; that the bill of indictment therein be, and the same is hereby, quashed; and that the commitment issued on January 3, 1968, at the January 2, 1968 Criminal Session of the Durham County Superior Court in that case be, and the same is hereby, withdrawn and declared to be void."

The quoted judgment was based on Judge Copeland's conclusion of law that the facts as found establish "a prima facie case of systematic exclusion of Negroes because of race from service on the grand jury which returned the bill of indictment" against defendant at June 1964 Criminal Session, and that "the State had not overcome such prima facie case by a showing of competent evidence that the institution and management of the jury system in Durham County, prior to January, 1968, was not in fact discriminatory."

Simultaneously with the entry of Judge Copeland's said judgment, to wit, on 14 June 1968, defendant was arrested on a new warrant; and at 8 July 1968 Criminal Session, the grand jury returned a new bill of indictment. The warrant and bill of indictment charged that defendant, on 20 May 1964, murdered Bee James. The bill of indictment returned at June 1964 Criminal

---

---

Session and that returned at 8 July 1968 Criminal Session contained identical provisions.

Defendant was first tried on the bill of indictment returned at 8 July 1968 Criminal Session at the 26 August 1968 Criminal Session. A mistrial was ordered on account of the jury's inability to agree on a verdict. In a second trial thereon, at 5 December 1968 Criminal Session, the presiding judge, under circumstances and for reasons not disclosed by the record, withdrew a juror and ordered a mistrial. In a third trial on the 1968 indictment, defendant was found guilty of murder in the second degree and appealed. This court affirmed the conviction (5 N.C. App. 385), but the Supreme Court found error and ordered a new trial (275 N.C. 644). The fourth trial on the 1968 indictment at the 16 February 1970 Session resulted in a verdict of guilty of manslaughter from which defendant now appeals.

*Attorney General Morgan, by Staff Attorney League, for the State.*

*Jerry L. Jarvis for the defendant.*

BROCK, J.

Defendant's sole assignment of error is that the trial judge instructed the jury that it might return a verdict of guilty of manslaughter. It is defendant's argument that all of the evidence points to the crime of murder, and that the only controversy was whether defendant was the perpetrator. Under these circumstances defendant urges that it was error to submit the lesser offense of manslaughter to the jury.

Upon the authority of *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431, this assignment of error is overruled.

No error.

BRITT and HEDRICK, JJ., concur.