STATE OF NORTH CAROLINA v. CHESTER COOLIDGE JAMES, JR.

No. 8518SC27

(Filed 1 October 1985)

**Arson and Other Burnings § 4.1— fraudulently setting fire to a dwelling house— evidence sufficient**

The evidence was sufficient to submit the charge of fraudulently setting fire to a dwelling house to the jury where defendant stipulated that he owned the mobile home and that it was used as a dwelling, and the evidence showed that the mobile home owned by defendant was destroyed by fire, a witness saw white smoke coming from the home about two minutes after defendant left it, another witness saw defendant at the home about one and a half minutes before he saw smoke coming from it and heard defendant's car leaving the area just moments before he learned of the fire, both witnesses saw defendant remove clothing and an exercise apparatus from the home, the fire was incendiary in origin and an expert opined that it was intentionally set, defendant had said prior to the fire that he would like to get rid of the trailer, defendant owed his estranged wife $2,200, upon proof of accidental loss defendant would have received from an insurance claim $2,500 after deductions and payment of a lien, and defendant placed a telephone call from Roxboro to his home in Greensboro using a fictitious name on the day of the fire. G.S. 14-65.

APPEAL by defendant from *Ross, Judge.* Judgment entered 24 August 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 September 1985.

Defendant appeals from a judgment entered upon a verdict finding him guilty of fraudulently setting fire to a dwelling house in violation of N.C. Gen. Stat. 14-65.

*Attorney General Thornburg, by Associate Attorney General J. Mark Payne, for the State.*

*Wallace C. Harrelson, Public Defender, by Joseph E. Turner, Assistant Public Defender, for defendant appellant.*

WHICHARD, Judge.

Defendant's sole assignment of error is to the denial of his motions to dismiss. We find no error.

On a motion to dismiss the question for the court is whether there is substantial evidence of each essential element of the crime charged and that the defendant committed it. *State v. Riddle*, 300 N.C. 744, 746, 268 S.E. 2d 80, 81 (1980). The test is the same whether the evidence is direct, circumstantial, or both. *State v. Earnhardt*, 307 N.C. 62, 68, 296 S.E. 2d 649, 653 (1982). Although some cases have applied a different standard where the evidence was wholly circumstantial, *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431 (1956), resolved the conflict in our decisional law. The Court there stated:

> We are advertent to the intimation in some of the decisions involving circumstantial evidence that to withstand a motion for nonsuit the circumstances must be inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. We think the correct rule is given in *S. v. Simmons*, 240 N.C. 780, 83 S.E. 2d 904, 908, quoting from *S. v. Johnson*, 199 N.C. 429, 154 S.E. 730: "If there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury." The above is another way of saying there must be substantial evidence of all material elements of the

offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both. To hold that the court must grant a motion to dismiss unless, in the opinion of the court, the evidence excludes every reasonable hypothesis of innocence would in effect constitute the presiding judge the trier of the facts. Substantial evidence of guilt is required before the court can send the case to the jury. Proof of guilt beyond a reasonable doubt is required before the jury can convict. What is substantial evidence is a question of law for the court. What that evidence proves or fails to prove is a question of fact for the jury. (Citations omitted.)

*Stephens* at 383-84, 93 S.E. 2d at 433-34. *Accord, State v. Jones*, 303 N.C. 500, 503-04, 279 S.E. 2d 835, 838 (1981); *State v. Daniels*, 300 N.C. 105, 114, 265 S.E. 2d 217, 222 (1980). "If the evidence . . . gives rise to a reasonable inference of guilt, it is for . . . the jury to decide whether the facts shown satisfy them beyond a reasonable doubt of defendant's guilt." *Jones* at 504, 279 S.E. 2d at 838. *Accord, State v. Cutler*, 271 N.C. 379, 383, 156 S.E. 2d 679, 682 (1967).

The essential elements of the crime charged here are (1) that the accused was the owner or occupier (2) of a building used as a dwelling house (3) which he set fire to or burned or caused to be burned (4) for a fraudulent purpose. N.C. Gen. Stat. 14-65. Defendant stipulated that he owned the mobile home and that it was used as a dwelling. The only questions were whether there was substantial evidence that defendant burned the home, and if so, whether he did it for a fraudulent purpose.

The evidence, considered in the light most favorable to the State as required, *Earnhardt* at 67, 296 S.E. 2d at 652, tended to show the following:

Fire destroyed a mobile home owned by defendant. One witness saw white smoke come from the home about two minutes after defendant left it. Another saw defendant at the home about one and one-half minutes before he saw smoke coming from it. Although he did not see defendant leave, he heard defendant's car leaving the area just moments before he learned of the fire. Both witnesses saw defendant remove from the home clothing and an exercise apparatus.

There was expert testimony that the fire started in the bathroom and that it was incendiary in origin. The expert opined that the fire was intentionally set.

Prior to the fire defendant had said that he "would like to get rid of the trailer." Defendant owed his estranged wife $2,200.00 which he had borrowed from her account without permission. Defendant filed an insurance claim for $9,550.00 even though the maximum amount of coverage under his policy was $6,395.00. Upon proof of accidental loss defendant would have received, after deductions and payment of the lien on his mobile home, more than $2,500.00. Finally, on the day of the fire defendant placed a telephone call from Roxboro to his home in Greensboro using a fictitious name.

We hold that the foregoing constituted substantial evidence from which the jury reasonably could infer that defendant set fire to his mobile home for a fraudulent purpose. Accordingly, the motions to dismiss were properly denied.

No error.

Judges WELLS and PHILLIPS concur.