STATE OF NORTH CAROLINA v. JESS PAUL PAYNE, JR., DEFENDANT

No. COA01-207

(Filed 19 March 2002)

**1. Arson— fraudulently burning a dwelling—sufficiency of evidence—defendant's proximity**

The trial court did not err by denying defendant's motion to dismiss a charge of fraudulently burning a dwelling where defendant argued that there was no evidence that he was within the temporal and physical proximity of the house when the fire commenced, but temporal and physical proximity is not the only way to determine that defendant is the perpetrator.

**2. Sentencing— insurance fraud and fraudulently burning building—aggravating factor—amount of monetary damages**

The trial court did not err in a prosecution for insurance fraud and fraudulently burning a dwelling by finding as an aggravating factor for both charges that the acts involved an attempted and actual taking of property of great monetary value. The amount of monetary damages is not an element of either offense.

Appeal by defendant from judgments entered 27 July 2000 by Judge W. Erwin Spainhour in Iredell County Superior Court. Heard in the Court of Appeals 6 December 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Stewart L. Johnson, for the State.*

*Osborn & Tyndall, P.L.L.C., by J. Kirk Osborn and Amos Granger Tyndall, for defendant-appellant.*

BRYANT, Judge.

Defendant Jess Paul Payne owned and lived in a house located at 118 Country View Road in Statesville, North Carolina. Sometime immediately prior to 2:41 a.m. on 1 February 1997, a fire raged through defendant's house resulting in substantial damage to the front right portion of the structure. According to the State's expert in the cause and origin of fires, the fire originated in the living room and was started by use of an ignitable accelerant.

At 9:15 a.m. on the same date, defendant filed a report with the Iredell County Sheriff's Department claiming that firearms and a 1987 Chevrolet Silverado Doolie pickup truck with an enclosed trailer that contained various engines and car parts were stolen from his residence. Defendant claimed that on 31 January 1997, he purchased the Doolie pickup truck and enclosed trailer for $30,000.

Defendant claimed that on the same date, he used a vehicle other than the Doolie pickup truck to drive the seller and a second man to Virginia, stopped to buy a lottery ticket at 11:39 p.m., and then proceeded to take the two men to Roanoke, Virginia. Defendant however claimed that he could not recall the seller's name, nor the name of the man accompanying the seller. Defendant alleged that he then made the return trip to North Carolina and arrived at a friend's home around 3:00 a.m. or 4:00 a.m. on 1 February 1997.

Defendant had an insurance policy with the North Carolina Grange Mutual Insurance Company which covered the house structure for $79,000 and defendant's personal property and house contents for $39,500. Defendant filed insurance claims for the fire damage sustained to the house and the contents of the house. He also filed an insurance claim for the theft of the firearms, the Doolie pickup truck with enclosed trailer, and the various engine and car parts contained inside the trailer. An investigation concerning the fire and alleged theft commenced shortly thereafter.

Investigators were unable to find any evidence that someone forcibly entered the house in order to start the fire. At the scene of the fire, investigators could find no evidence of a number of items defendant claimed were destroyed in the fire. Specifically, they could find no evidence regarding a large number of videotapes and linens the defendant claimed were lost in the fire. Investigators were unable to find any evidence that pictures were hanging on the house walls at the time of the fire. In addition, investigators were unable to find any

articles of clothing in the house except for one set of men and women's clothing.

Further investigation disclosed that the defendant was delinquent in his mortgage payments. It was also discovered that the lottery ticket defendant claimed he purchased in Galax, Virginia at 11:39 p.m. on 31 January 1997—evidence which might support defendant's alibi that he was in Virginia at the time of the fire—was actually purchased at a different location and on a different date than defendant claimed.

The insurance company ultimately denied defendant's fire and theft claims. However, the insurance company did pay $57,196.74 to mortgage company American General Finance for the fire damage sustained to the house. Defendant was subsequently arrested and indicted for fraudulently burning a dwelling and for insurance fraud.

Upon defendant's arrest, a box of videotapes was discovered in defendant's new house, along with several family pictures displayed on the house walls and in the master bedroom. A photograph was taken of the box containing the videotapes. The movie titles visible from the photograph were compared to an inventory list of videotapes defendant claimed were destroyed in the fire. Several of the visible movie titles matched movie titles of videotapes that were allegedly destroyed in the fire.

This matter initially came to jury trial at the 24 January 2000 criminal session of Iredell County Superior Court with the Honorable Michael H. Helms presiding. Due to defense counsel's illness, a mistrial was declared on 27 January 2000. This matter again came to jury trial at the 24 July 2000 criminal session of Iredell County Superior Court with the Honorable W. Erwin Spainhour presiding.

At trial, one of defendant's neighbors testified that she did not see a Doolie pickup truck in defendant's yard on 31 January 1997. She also testified that defendant usually kept several cars and car parts in the yard, but on the day before the fire, the yard had been cleared. Other witnesses testified to seeing defendant in Statesville during times when defendant claimed to be in Virginia.

One witness testified that subsequent to the fire incident, defendant told him that the witness need not appear at trial. The witness testified that subsequent to the fire incident, defendant stated that the only way for defendant to be found guilty is if someone saw him start

the fire. In addition, the witness testified that subsequent to the fire incident, defendant suggested to the witness how to start a fire without leaving evidence.

Defendant was found guilty of both offenses with judgments entered on 27 July 2000. The trial judge found there was an aggravating factor that outweighed the mitigating factors in this case. Defendant was sentenced to active terms of ten to twelve months for each offense, with the sentences running consecutively. Defendant gave notice of appeal on 3 August 2000.

## I.

[1] Defendant presents two arguments on appeal. First, defendant argues that the trial court erred in denying his motion to dismiss the charge of fraudulently burning a dwelling. We disagree.

"In reviewing a motion to dismiss, 'the trial court must determine whether there is substantial evidence: (a) of each essential element of the offense charged or of a lesser included offense, and (b) substantial evidence of defendant being the perpetrator of the offense.'" *State v. Stancil*, 146 N.C. App. 234, 244, 552 S.E.2d 212, 218 (2001). In reviewing challenges to the sufficiency of evidence, the evidence must be viewed in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *State v. Fritsch*, 351 N.C. 373, 378-79, 526 S.E.2d 451, 455, *cert. denied by Fritsch v. North Carolina*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

The elements for the charge of fraudulently burning a dwelling include that the accused was the owner or occupier of a building that was used as a dwelling house and the accused either set fire to, burned, or caused the dwelling to be burned for a fraudulent purpose. *See* N.C.G.S. § 14-65 (1999); *State v. James*, 77 N.C. App. 219, 221, 334 S.E.2d 452, 453 (1985). For the burning of a dwelling to be a willful and wanton burning, it must be shown that the act was done intentionally, without legal excuse or justification, and with knowledge of or reasonable grounds to believe that the act would endanger the rights or safety of others. *State v. Brackett*, 306 N.C. 138, 142, 291 S.E.2d 660, 662-63 (1982).

The evidence in the instant case shows that the defendant was the owner of the dwelling house that was damaged by fire. The fire started in the living room by use of an ignitable accelerant. Mortgage company American General Finance had an interest in the house. In addition, there was no evidence of forcible entry into the house.

Two eyewitnesses testified to seeing defendant in Statesville the day of the fire and at times when defendant claimed to be in Virginia. One of defendant's neighbors testified that normally several cars and car parts would be in defendant's yard. The day before the fire, however, defendant's yard was cleared.

At the scene of the fire, investigators could find no evidence of a number of items defendant claimed were destroyed in the fire. Upon defendant's arrest, a box of videotapes was discovered that contained several of the same movie titles of videotapes that defendant claimed were destroyed in the fire. Investigators were unable to find evidence of pictures hanging in defendant's old house at the time of the fire, however, pictures were found displayed on the walls and in the master bedroom of defendant's new house. Moreover, evidence was discovered that defendant was delinquent in his mortgage payments and the proceeds from the insurance claims would have been sufficient to settle defendant's mortgage debt.

Notwithstanding the abovementioned evidence, defendant argues that no evidence was presented that would demonstrate that he was within the temporal and physical proximity of the house when the fire commenced. Defendant argues that insufficient evidence therefore existed to prove that he was the perpetrator of the fire. We disagree.

Evidence that the defendant was within the temporal and physical proximity of the dwelling when the fire commenced may serve as a basis for establishing whether the defendant was the perpetrator of the crime charged. *See, e.g., State v. James*, 77 N.C. App. 219, 334 S.E.2d 454 (1985) (stating that a witness saw the defendant at the house approximately one to one-and-one-half minutes before the witness saw smoke coming from the house); *State v. Smith*, 74 N.C. App. 514, 328 S.E.2d 877 (1985) (stating that defendant was seen coming from behind the house minutes before the house fire started); *State v. Caron*, 288 N.C. 467, 219 S.E.2d 68 (1975); *cert. denied*, 425 U.S. 971, 48 L. Ed. 2d 794 (1976) (stating that defendant was at the scene of the fire approximately thirty to forty-five minutes before the fire started).

Evidence of temporal and physical proximity, however, is not the only manner in which it can be determined that a defendant was the perpetrator of the crime charged. *See, e.g., State v. Brackett*, 55 N.C. App. 410, 285 S.E.2d 852, *rev'd on other grounds by* 306 N.C. 138, 291 S.E.2d 660 (1982) (finding that evidence that defendant had previ-

ously secured fire insurance for her house was admissible to show defendant's motive although she was not tried for fraudulently burning her house); *State v. Harrell*, 20 N.C. App. 352, 201 S.E.2d 716, *cert. denied by* 284 N.C. 619, 202 S.E.2d 275 (1974) (stating that evidence of defendant's financial obligations and pending lawsuits against defendant was relevant and material evidence in defendant's prosecution for felonious burning and presenting a false insurance claim); *State v. Edmonds*, 185 N.C. 721, 117 S.E. 23 (1923) (noting that motive may serve as evidence of the culprit's identity).

In the instant case, evidence was presented that showed defendant was delinquent in his mortgage payments and the proceeds from the insurance policy would have been sufficient to cover defendant's mortgage debt. Evidence was presented that contradicted defendant's accounts of his whereabouts the day of the fire. Evidence was presented that showed there was no forcible entry to the house and that the fire was intentionally started inside the house. Items were cleared from defendant's yard immediately preceding the fire. Moreover, several items that defendant claimed to have been destroyed in the fire were found in defendant's new house. We find that there existed sufficient evidence to sustain the charge against defendant of fraudulently burning a dwelling. The trial court therefore did not err in denying defendant's motion to dismiss this charge.

## II.

[2] Defendant next argues that the trial court erred in finding as an aggravating factor for both charges that the acts involved an attempted and actual taking of property of great monetary value. Specifically, defendant argues that it was error for an aggravating factor to be based on circumstances that are an element of the crimes. We disagree.

As previously stated, the elements for the charge of fraudulently burning a dwelling include that the accused was the owner or occupier of a building that was used as a dwelling house and the accused either set fire to, burned, or caused the dwelling to be burned for a fraudulent purpose. *See* N.C.G.S. § 14-65; *James*, 77 N.C. App. at 221, 334 S.E.2d at 453.

The elements for insurance fraud include that the accused presented a statement in support of a claim for payment under an insurance policy, that the statement contained false or misleading infor-

mation concerning a fact or matter material to the claim, that the accused knew that the statement contained false or misleading information, and that the accused acted with the intent to defraud. *See* N.C.G.S. § 58-2-161 (1999).

With regard to both offenses—fraudulently burning a dwelling and insurance fraud—the amount of monetary damages sustained is not an element of the offense charged. Our Court has previously upheld the finding of an aggravating factor based on the determination that the crime involved an attempted or actual taking of property of great monetary value, when there existed evidence in addition to that which was necessary to establish the crime. *See State v. Coleman*, 80 N.C. App. 271, 277, 341 S.E.2d 750, 753-54 (1986); *State v. Hughes*, 136 N.C. App. 92, 100, 524 S.E.2d 63, 68 (1999), *rev. denied by* 351 N.C. 644, 543 S.E.2d 878 (2000); *State v. Hendricks*, 138 N.C. App. 668, 672, 531 S.E.2d 896, 899 (2000). Because the amount of monetary damages sustained is not an element of either crime upon which defendant was convicted, we find that the trial court did not err in finding as an aggravating factor for both charges that the acts involved an attempted and actual taking of property of great monetary value.

NO ERROR.

Judges McGEE and HUNTER concur.