STROUD, Judge.
 

 *625
 
 Defendant appeals judgment convicting him of insurance fraud. Because the State presented no evidence defendant made fraudulent representations in support of an insurance claim to The Hartford Insurance Company as alleged by the indictment, the trial court should have allowed defendant's motion to dismiss this charge. We therefore vacate his conviction for insurance fraud.
 

 I. Background
 

 Sunday, 16 December 2012, was not a happy day at the Happy Days Diner; it was set on fire that day. Happy Days Diner was operated by defendant and Ms. Iris Diaz in a building leased by Fawzi Bekhet. Ms. Diaz
 
 *698
 
 was approximately $16,000 in arrears on rent owed to Mr. Bekhet
 
 *626
 
 and was scheduled to go to court the next day on Mr. Bekhet's claim for summary ejectment. After the fire, Ms. Diaz filed an insurance claim with The Hartford Insurance Company ("Hartford"). The building itself was insured by Nationwide Insurance ("Nationwide"), and Mr. Bekhet filed a claim for fire damage with Nationwide. Defendant gave a recorded statement to Nationwide representative Ms. Bonnie Locklear regarding Mr. Bekhet's claim.
 

 Defendant was indicted for burning a commercial structure and for insurance fraud based upon the insurance claim made upon the insurance with Hartford. After a jury trial, defendant was found guilty of both charges. Defendant timely gave oral notice of appeal.
 

 II. Insurance Fraud
 

 Defendant does not challenge his judgment for his conviction of burning a commercial structure but only contends the trial court should have allowed his motion to dismiss the charge of insurance fraud because the State presented no evidence defendant "[m]ade a [f]raudulent [s]tatement to Hartford Insurance[.]"
 
 [1]
 

 To defendant's argument there was no evidence he made any fraudulent statement to Hartford, we say, "exactamundo." The trial court should have granted his motion to dismiss.
 

 The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.
 

 State v. Johnson
 
 ,
 
 203 N.C. App. 718
 
 , 724,
 
 693 S.E.2d 145
 
 , 148 (2010) (citations and quotation marks omitted).
 

 *627
 
 The elements for insurance fraud include that the accused presented a statement in support of a claim for payment under an insurance policy, that the statement contained false or misleading information concerning a fact or matter material to the claim, that the accused knew that the statement contained false or misleading information, and that the accused acted with the intent to defraud.
 

 State v. Payne
 
 ,
 
 149 N.C. App. 421
 
 , 426-27,
 
 561 S.E.2d 507
 
 , 511 (2002) ;
 
 see
 

 N.C. Gen. Stat. § 58-2-161
 
 (2011).
 

 The indictment for insurance fraud alleged that defendant presented "a written and oral statement as part of a claim for payment pursuant to an insurance policy" with "intent to defraud an insurer, The Hartford Insurance Company." (Original in all caps.)
 

 It has long been the law of this state that a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment. It is also settled that a fatal variance between the indictment and proof is properly raised by a motion for judgment as of nonsuit or a motion to dismiss, since there is not sufficient evidence to support the charge laid in the indictment.
 

 State v. Faircloth
 
 ,
 
 297 N.C. 100
 
 , 107,
 
 253 S.E.2d 890
 
 , 894 (1979) (citations omitted).
 

 As noted above, defendant gave a statement to Nationwide regarding Mr. Bekhet's claim, not to Hartford, the insurer for Ms. Diaz's claim. No statement from defendant,
 
 *699
 
 written or oral, to Hartford was in evidence. The State directs us to Exhibit 13, the audio recording of an interview of defendant by Ms. Locklear of Nationwide. The State directs us to portions of the interview where: defendant acknowledges the fire was determined to be arson; defendant states he had spoken with a special investigator from Hartford; defendant denies being involved with setting the fire; Ms. Locklear says she is "going to go over ... just some financial information cause we usually cover it. I'm sure the guy probably at Hartford did too ..." to which defendant responds, "Yeah[;]" and Ms. Locklear asks, "What are you guys claiming with Hartford that you lost?" to which defendant responds, "I think right now it's just the food ...." The State then argues that based on these noted portions of the interview it could be
 

 *628
 
 reasonably deduced or inferred that the Hartford Insurance Company's special investigator asked defendant whether he was responsible for setting fire to the Happy Days Diner, and that defendant made the same false and misleading statement to the Hartford Insurance Company investigator that he made to Ms. Locklear when he denied being involved with setting fire to the Happy Days Diner in response to Ms. Locklear's direct questions regarding the same.
 

 In other words, the State asks that we read the comment, "I'm sure the guy probably at Hartford did too ..." and the defendant's response, "Yeah," to mean that defendant made specific fraudulent representations to Hartford. The State simply asks that we infer too much from this vague comment and response. There is no doubt that defendant made fraudulent representations to Nationwide, but defendant was not charged for those representations. Since the Nationwide statement was the State's only evidence, the trial court erred in denying defendant's motion to dismiss.
 

 III. Conclusion
 

 Because there was insufficient evidence of insurance fraud, the trial court should have granted defendant's motion to dismiss; thus, we vacate that judgment.
 

 VACATED.
 

 Judges DAVIS and ARROWOOD concur.
 

 [1]
 

 Defendant's second argument on appeal is that if his motion to dismiss the charge of insurance fraud was not properly preserved then his attorney provided ineffective assistance of counsel and this Court should still review his first argument under Rule 2 of the North Carolina Rules of Appellate Procedure. We and the State agree that defendant's counsel adequately preserved the motion to dismiss on his charge of insurance fraud, so we need not address defendant's second argument.