STATE OF NORTH CAROLINA v. WILLIE JOE McWHORTER

No. 7722SC424

(Filed 16 November 1977)

1. **Arson § 2— burning of storage building—sufficiency of indictment**
   An indictment charging defendant with the felony of burning "a certain unhabited [sic] storage house, to wit: a storage building" was sufficient to charge an offense under G.S. 14-67.1.

State v. McWhorter

**2. Searches and Seizures § 1— seizure of pistol from defendant's person—lawfulness**

A pistol was lawfully seized from defendant's hip pocket and properly admitted into evidence where the court found upon supporting evidence that the officers had reasonable grounds to believe that defendant was carrying a concealed weapon when they questioned defendant about a secret assault and that removal of the pistol was necessary for their protection.

**3. Criminal Law § 75.10— admission of confession**

The trial court properly admitted defendant's confession where the voir dire evidence supported the court's determination that defendant freely, understandingly and knowingly waived his rights to counsel and against self-incrimination and that defendant's confession was made voluntarily without coercion or promises.

**4. Assault and Battery § 14.7— secret assault—sufficiency of evidence**

Evidence as to the character and nature of the assault perpetrated upon the victim by defendant was sufficient to show an intent to kill and to take the case to the jury on a charge of secret assault in violation of G.S. 14-31.

**5. Arson § 4.1— burning a building—sufficiency of evidence**

The State's evidence was sufficient for the jury on a charge of burning a building in violation of G.S. 14-67.1.

**6. Assault and Battery § 16.1— secret assault—failure to submit lesser offenses**

The trial court in a prosecution for secret assault did not err in failing to submit to the jury the lesser included offense of assault with a deadly weapon.

**7. Arson § 6— sentence under incorrect statute—remand for proper sentence**

Where defendant was charged, tried and convicted of burning a building in violation of G.S. 14-67.1, but the trial judge recited that defendant was found guilty of a violation of G.S. 14-62, the judgment must be vacated and the cause remanded for entry of a proper judgment consistent with the conviction for a violation of G.S. 14-67.1 although the sentence imposed by the trial judge, 10 years, was within the limits prescribed for a violation of G.S. 14-67.1.

APPEAL by defendant from *Long, Judge.* Judgment entered 13 January 1977 in Superior Court, IREDELL County. Heard in the Court of Appeals 18 October 1977.

Defendant was charged in bills of indictment with feloniously setting fire to a storage house and with the secret assault of Don Brady, G.S. 14-31. Upon a plea of not guilty, the State offered evidence tending to show the following:

Don Brady owns a farm located in Iredell County. There is a tenant house on the farm about two miles from his own house. The defendant, his mother and family had lived in the tenant

house for about 27 years as sharecroppers on Brady's farm but had moved out some time before 1 August 1976. On the evening of 1 August 1976 Brady received a phone call from a neighbor that a building was on fire near the tenant house. When he arrived at the tenant house Brady found that a small building which he used for storage was burning. After extinguishing the fire Brady drove his truck home and into the garage. As he started to get out of the truck he saw a man come from behind a car parked in the garage. The man jumped on Brady and forcing him to the ground wrestled Brady's pistol away from him. The assailant then hit him over the head, knocking him unconscious and fled from the scene. When Brady awoke he made his way to a phone and called for help. Later he was taken to the hospital where he was treated for a serious head wound. Officer Barnette of the Sheriff's Department was called to the scene of the assault and questioned Brady as to the occurrence. Brady told the officer that he had seen his assailant for an instant during the attack and thought that it was the defendant, Willie Joe McWhorter. The officer searched the garage and found a tire tool lying on the floor between the car and the truck.

After looking for defendant all weekend the officers found him at his place of employment on 3 August 1976 and confronted him with their suspicions. The defendant agreed to go to the sheriff's department with the officers for questioning and Officer Barnette asked him if he had a gun or knife. As defendant reached for his hip pocket the officers saw the imprint of what appeared to be a gun and one of the officers grabbed it from defendant's pocket. A knife was found in his other pocket. Defendant was arrested for carrying a concealed weapon and taken to the sheriff's department. After being advised of his rights at the sheriff's department, defendant signed a waiver and told the officers that he did not want to make a statement. He was informed by the officers that he would be charged with carrying a concealed weapon, and that since the serial number on the gun matched the serial number of Brady's gun, he would also be charged with secret assault. As defendant was being escorted to jail by one of the officers he indicated that he had changed his mind and wanted to make a statement. After being advised of his rights a second time he made a statement in which he confessed to starting the fire in the storage house and assaulting Brady with a tire tool.

The defendant offered no evidence.

The jury returned verdicts of guilty as to both charges. From a judgment imposing consecutive prison terms of 10 years for the unlawful burning of a building and 20 years for the secret assault, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Alfred N. Salley for the State.*

*McElwee, Hall & McElwee by E. Bedford Cannon for the defendant appellant.*

HEDRICK, Judge.

[1] Defendant first assigns as error the denial of his motion to quash the bill of indictment charging him with the felony of burning "a certain unhabited [sic] storage house, to wit: a storage building, . . . ." Defendant argues that the language of the bill is not sufficient to charge an offense under G.S. 14-62. We need not respond to this contention since the bill is clearly sufficient to charge an offense under G.S. 14-67.1, and the trial court correctly denied the defendant's motion to quash.

Defendant has abandoned assignments of error numbers two and three by his failure to bring forward and argue these assignments in his brief. N.C. App. R. 28(b)(3).

[2] By his fourth assignment of error defendant contends that the court erred "by failing to suppress State's Exhibit #1 (a .38 caliber pistol) . . . ." This assignment of error has no merit simply because State's Exhibit #1 was not admitted into evidence. Assuming *arguendo*, however, that the trial judge's statement to counsel for defendant that "[i]t will not be necessary for you to object further to introduction of pistol . . . ," and the State's exhibiting the gun to the jury amounted to an admission of the gun into evidence, we find no prejudicial error. Before the trial judge ruled that Exhibit #1 could be admitted into evidence, and before the gun was exhibited to the jury, the trial court conducted a *voir dire* as to the circumstances surrounding the seizure of the weapon and made detailed findings of fact with respect thereto and made the following conclusion:

> "[T]hat at the time of the removal of the pistol from the defendant's pocket Barnette and Redmond had reasonable grounds to believe defendant was carrying a concealed weapon; that the removal was necessary to their own protec-

tion; that their removal of the pistol was legal and not the fruit of illegal search; upon the foregoing findings of fact and conclusions of law, the court rules that the objection to the introduction of the pistol should be overruled."

The trial judge's findings and conclusions are supported by the evidence in the record.

[3] Defendant's fifth assignment of error reads as follows:

"The failure of the trial judge to suppress the defendant's statement marked State's Exhibit #4 as the fruit of an unlawful search and seizure and as a result of lack of voluntariness."

Before the defendant's extrajudicial statements were allowed into evidence, the court conducted a *voir dire* into the circumstances surrounding said statements and made findings of fact and drew the following conclusions:

"[O]ne — that the defendant freely, understandingly, and knowingly waived his rights to counsel and his rights against self-incrimination; two — the defendant's statement to the detectives was voluntarily made without coercion or promises or threats; . . . ."

The findings and conclusions made after *voir dire* are amply supported by evidence in the record. This assignment of error has no merit.

Defendant's sixth assignment of error is not supported by an exception in the record, and presents no question for review.

Defendant's seventh assignment of error is abandoned. N.C. App. R. 28(b)(3).

[4] Defendant assigns as error (number nine) the trial judge's denial of his motion for judgment as of nonsuit. He argues that the State offered no evidence as to the defendant's intent to kill in Case No. 76CR7410. Evidence as to the character and nature of the assault perpetrated upon Mr. Brady by the defendant is sufficient to take the case to the jury on the charge of secret assault, G.S. 14-31, and to support the verdict.

[5] Defendant's tenth assignment of error has no merit. The evidence in the record is sufficient to require submission of the

case to the jury and to support the verdict on the charge of a violation of G.S. 14-67.1.

[6]   The defendant assigns as error the trial court's failure to submit to the jury the lesser included offense of assault with a deadly weapon in the case wherein the defendant was charged with secret assault. It is well-established in this State that the trial court is not required to submit a lesser included offense to the jury when there is positive evidence of each element of the offense charged and no conflicting evidence relating to any of the elements. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Thacker*, 281 N.C. 447, 189 S.E. 2d 145 (1972). The "[m]ere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks*, 241 N.C. 156, 160, 84 S.E. 2d 545, 547 (1954). In the present case there was positive evidence that the defendant committed every element of the offense charged in the bill of indictment, and there was no conflicting evidence as to any element of the offense. The defendant's contention that the jury might have convicted the defendant of the lesser included offense of assault with a deadly weapon if they had been given the opportunity does not support the submission of the lesser included offense to the jury. This assignment of error has no merit.

[7]   We have carefully considered all of the defendant's assignments of error in both charges and find that the defendant had a fair trial in both cases free from prejudicial error. However, we note that in Case No. 76CR7411 wherein the defendant was charged, tried and convicted of violating G.S. 14-67.1, the trial judge recited that the defendant had been found guilty of a violation of G.S. 14-62. Although the prison sentence imposed (10 years) in that case is within the limits prescribed for a violation of G.S. 14-67.1, the judgment must be vacated and the cause remanded to the Superior Court for the entry of proper judgment consistent with the conviction for a violation of G.S. 14-67.1.

The result is: in Case No. 76CR7410 wherein the defendant was charged with secret assault, we find no error; in  Case No. 76CR7411 wherein the defendant was charged with a violation of G.S. 14-67.1, we find no error in the trial, but the judgment is vacated and the cause is remanded to the Superior Court of Iredell County for resentencing pursuant to a charge and conviction under G.S. 14-67.1.

No error in trial.

Remanded for judgment in Case No. 76CR7411.

Judges BRITT and MARTIN concur.