STATE OF NORTH CAROLINA v. FREDRICK JONES HOWARD

No. 66A81

(Filed 4 May 1982)

**Criminal Law § 122.1— additional instructions after retirement of jury—complete instructions not necessary**

When the trial court has once instructed the jury in such manner as to declare and explain adequately the law arising on the evidence, there is no requirement that complete instructions be given again each time the jury returns to ask a specific question. Therefore, when the jury returned to the courtroom during its deliberations and requested that the court define first

degree murder, second degree murder and voluntary manslaughter, it was not necessary for the court to include a discussion of the principles of premeditation, deliberation, heat of passion and excessive force in responding to the request.

APPEAL by the defendant from *Cornelius, Judge*, presiding at the 19 January 1981 Criminal Session of MECKLENBURG Superior Court. Judgment was entered 24 January 1981.

The defendant was charged in a bill of indictment, proper in form, with first-degree murder. He entered a plea of not guilty and was tried before a jury which found him guilty as charged. From the judgment sentencing him to imprisonment for life, the defendant appeals to this Court as of right pursuant to G.S. 7A-27.

*Rufus L. Edmisten, Attorney General, by Charles M. Hensey, Assistant Attorney General for the State.*

*Keith M. Stroud, Attorney for defendant-appellant.*

MITCHELL, Justice.

The defendant challenges the sufficiency of the trial court's instructions to the jury on the elements of various degrees of murder and manslaughter. We conclude that the instructions were sufficient and that there was no prejudicial error in the trial of the defendant.

Given the nature of the contentions of the defendant on this appeal, an extensive statement of the evidence presented by the State and the defendant is not necessary.

The State introduced evidence tending to show that the defendant and Marcus Lamar Proctor were together drinking beer in a residence in Mecklenburg County at approximately 6:00 a.m. on 27 July 1980. The defendant and Proctor went to sleep at about this time. Proctor later left the house. The defendant then asked one of the individuals present if he had seen Proctor put a gun in the defendant's face. Proctor later returned to the house and was seen cleaning his fingernails with a long knife. He tapped the defendant on the shoulder and said he wanted to talk to him. Proctor and the defendant went outside with several other people. Once outside the house, the defendant and one Arthur

Graham pulled out guns and began to fire at Marcus Proctor. Numerous shots were fired and the defendant and Graham reloaded and continued firing. Marcus Proctor stumbled into the house spitting up blood as he went through a hallway. He was later found dead of a gunshot wound to the chest.

By way of cross-examination, the defendant offered evidence tending to show that Marcus Proctor had held a gun to the defendant's head earlier in the day. Marcus Proctor returned to the house later with a long knife in his hand and told the defendant he wanted to talk to him outside. An argument ensued and Marcus Proctor was shot. The defendant also elicited testimony to the effect that Marcus Proctor was a user of drugs and a violent person.

The defendant contends that the trial court in its instructions to the jury failed to declare and explain the law arising on the evidence as required by G.S. 15A-1232. At the close of all the evidence and after arguments of counsel the trial court fully instructed the jury on the evidence introduced and the law arising from the evidence. The jury retired to deliberate and later returned to the courtroom and requested that the court define first-degree murder, second-degree murder and voluntary manslaughter. The following exchange then took place:

THE COURT: Members of the Jury, first degree murder is the unlawful killing of a human being with malice, with premeditation and deliberation. Second degree murder is the unlawful killing of a human being with malice, without premeditation and deliberation. Voluntary manslaughter is the unlawful killing of a human being without malice, without premeditation and deliberation. Does that answer your question?

FOREMAN: Yes, Your Honor.

The defendant contends that the trial court should have included a discussion of the principles of premeditation, deliberation, heat of passion, self-defense, excessive force and a general discussion of other principles of law when responding to this question by the jury. We find this contention without merit.

In determining the propriety of the trial court's instructions to the jury, we must consider the instruction in their entirety and

not in detached fragments. *State v. Wright*, 302 N.C. 122, 273 S.E. 2d 699 (1981). The previously quoted response to the question of the jury was correct and accurate in every respect. Further, when the answer to the jury's question is read contextually with the other instructions given the jury by the trial court, it is apparent that the trial court fully declared and explained the law arising on the evidence. When the trial court has once instructed the jury in such manner as to declare and explain adequately the law arising on the evidence, there is no requirement that complete instructions be given again each time the jury returns to ask a specific question. In such instances, the trial court properly may answer the question asked without resorting to repetition of all of the instructions previously given.

The defendant brought forward two additional contentions on appeal. They were abandoned in the defendant's brief and in oral argument before us and, therefore, are not discussed in this opinion.

We find that the defendant received a fair trial, free from prejudicial error.

No error.