STATE OF NORTH CAROLINA v. JAMES LaMONT SMITH

No. 848SC616

(Filed 7 May 1985)

**1. Arson § 4.1— feloniously burning uninhabited house—sufficiency of evidence**

The State's evidence, including testimony that defendant was seen behind a house just minutes before flames were seen coming from the house, was sufficient to support defendant's conviction of feloniously burning an uninhabited dwelling house.

**2. Criminal Law § 122.1— questions by jury—reiteration of State's burden of proof not required**

The trial judge did not err in failing to reiterate the State's burden of proof when he answered questions by the jury about the evidence it could consider and whether the fact that defendant lied proved his guilt.

**3. Arson § 6— feloniously burning uninhabited dwelling house—sentence**

Where the indictment, evidence, instructions and verdict were for burning an uninhabited dwelling house in violation of G.S. 14-67.1, and the presumptive term for such offense is three years, the trial court erred in imposing a presumptive sentence of nine years for a violation of G.S. 14-59, and the case must be remanded for entry of a proper sentence.

APPEAL by defendant from *Barefoot, Judge*. Judgment entered 19 January 1984 in Superior Court, WAYNE County. Heard in the Court of Appeals 12 February 1985.

Defendant was charged in a proper bill of indictment with feloniously burning an uninhabited dwelling house in Mt. Olive,

North Carolina. From judgment imposing the presumptive sentence of nine years, defendant appeals.

*Attorney General Edmisten by Associate Attorney General, Doris J. Holton, for the State.*

*Hulse & Hulse by H. Bruce Hulse, Jr., for defendant-appellant.*

PARKER, Judge.

[1] The first issue presented on this appeal is whether the trial court erroneously denied defendant's motion to dismiss based upon the insufficiency of the evidence. In *State v. Green*, 310 N.C. 466, 312 S.E. 2d 434 (1984), our Supreme Court restated the well established rules governing the sufficiency of the evidence to carry a case to a jury, as follows:

> When a defendant in a criminal case moves to dismiss or for judgment as of nonsuit, the trial judge must determine whether there is substantial evidence of each element of the offense charged and whether defendant was the perpetrator of the offense. If there is such evidence, a motion to dismiss must be denied. . . .
>
> The function of the trial judge is to determine as a matter of law whether the evidence permits a reasonable inference of defendant's guilt of the crime charged. The test is the same whether the evidence is direct, circumstantial or combination of both. In ruling upon a motion to dismiss, the trial judge must consider all the evidence admitted, whether competent or incompetent, in the light most favorable to the State and he must give the State every reasonable inference to be drawn from that evidence. Contradictions and discrepancies in the evidence do not require dismissal and such matters are for resolution by the jury. The defendant's evidence, unless favorable to the State, is not to be considered in ruling on the motion. (Citations omitted.)

The essential elements of the crime charged are: (i) the house was uninhabited, (ii) a fire occurred in it, (iii) the fire was of incendiary origin, and (iv) the defendant unlawfully and wilfully started it. *State v. Tew*, 62 N.C. App. 190, 193, 302 S.E. 2d 633, 635 (1983); G.S. 14-62.

The evidence tended to show that an uninhabited dwelling house located at 107 Cobb Street, Mt. Olive, North Carolina, burned during the early morning hours of 10 July 1983 between 12:01 a.m. and 3:00 a.m.

Tim Owens testified that as he was walking down the street, he saw a person who appeared to be the defendant behind the burned house just minutes before the fire started. Owens stated that he had seen defendant the day before the fire, 9 July 1983, and that defendant had been wearing a red cap and dark jacket. The person he saw behind the house was wearing a red cap and dark jacket. Owens testified that although he did not get a "real close look," he "knew" it was the defendant. Owens continued walking, and when he looked back, he saw flames coming from the house.

State's witness, Johnny Davis, testified that defendant usually came by his house at 4:00 a.m. to accompany him to work, but that on 10 July 1983 defendant came by his house at 3:00 a.m. wearing a red cap and dark jacket. When Davis discovered the house was on fire, he suggested the two should walk by to look. Davis testified that defendant said he didn't want to go by there; that defendant talked about waiting until they got off work; and defendant said if they went by there the police might think he [defendant] did it.

Officer Larry Riggle testified that while he was investigating the fire, he received the names of three people, including the defendant, who had been seen around the house prior to the day of the fire. Riggle testified that defendant made a statement implicating the others, but subsequently retracted it. Defendant indicated in his second statement that he had made the first statement "to get the blame off him." Riggle also testified that the house was uninhabited.

Larry Pierce of the Wayne County Sheriff's Department testified that although he did not know the cause of the fire, he found nothing of an accidental nature as a cause.

Viewed in the light most favorable to the State, there was sufficient evidence from which the jury could find that the house was uninhabited, a fire occurred in it, the fire was of incendiary origin, and defendant started the fire. Admittedly, the State

relied on circumstantial evidence in the trial below. "However, in criminal cases, every circumstance that is calculated to throw any light upon the supposed crime is admissible. The weight of such evidence is for the jury." *State v. Hamilton*, 264 N.C. 277, 286-87, 141 S.E. 2d 506, 513 (1965). The evidence permitted a reasonable inference of defendant's guilt, and the motion to dismiss was properly denied.

[2] Defendant next contends the court erred during the following exchange when the jury had a question during deliberations:

> JUROR: I can try. Can we—all right, the understanding I got was that he was innocent unless the State proved beyond a reasonable doubt that he was guilty. Can we consider other things besides, or does it have to just go by the State proving?

> THE COURT: What you have to do, Members of the Jury, is to determine from all the evidence whether or not he is guilty beyond a reasonable doubt. Does that answer your question? You take all the evidence into consideration, as I have told you, to weigh all the evidence in the light of your common sense and as best you can to determine what the truth is. . . .

Defendant contends the court erred by failing to reiterate that the State had the burden of proof in its response to the question. In *State v. Howard*, 305 N.C. 651, 290 S.E. 2d 591 (1982), our Supreme Court addressed a similar argument as follows:

> When the trial court has once instructed the jury in such manner as to declare and explain adequately the law arising on the evidence, there is no requirement that complete instructions be given again each time the jury returns to ask a specific question. In such instances, the trial court properly may answer the question asked without resorting to repetition of all of the instructions previously given.

The argument is meritless also when it is clear from the juror's question that he knew "he [defendant] was innocent unless the State proved beyond a reasonable doubt that he was guilty."

Defendant further contends the court erred when the juror questioned: "Just because you believe that the defendant lied,

does that go as far as proving he's guilty?" The court responded: "I also told you that you could believe all of what a witness said, part of what a witness said or none of what a witness said on the stand." Defendant's contention that the court's failure to answer the question directly and to reiterate the State's burden in its response constitutes reversible error is meritless. The court correctly instructed that one of the functions of the jury is to determine the credibility of the witnesses, including that of the defendant. *Coach Co. v. Lee*, 218 N.C. 320, 11 S.E. 2d 341 (1940). This assignment of error is overruled.

[3] Although no error occurred in the trial portion of this case, the case must be remanded on account of error in the judgment and commitment. The indictment, the evidence, the jury instructions and the verdict were for burning an uninhabited dwelling house, which constitutes violation of G.S. 14-67.1, a Class H felony carrying a presumptive term of three years. The judgment states that this offense was in violation of G.S. 14-59, a Class E felony, and defendant received a nine year term, the presumptive term for violation of G.S. 14-59. General Statute 14-59 prohibits the burning of certain public buildings. The uninhabited dwelling house defendant was convicted of burning does not constitute a public building as defined by G.S. 14-59.

The judgment must be vacated and the case remanded for entry of a proper judgment consistent with a conviction for violation of G.S. 14-67.1. *State v. McWhorter*, 34 N.C. App. 462, 238 S.E. 2d 639 (1977), *disc. review denied*, 294 N.C. 443, 241 S.E. 2d 844 (1978).

No error in trial; remanded for judgment.

Judges ARNOLD and EAGLES concur.