WILKINSON v. CRUZ

[100 N.C. App. 420 (1990)]

---

EDWARD F. WILKINSON, ADMINISTRATOR OF THE ESTATE OF PEGGY W. PITTMAN, DECEASED, PLAINTIFF v. DR. CORAZON CRUZ, DEFENDANT

No. 9027SC68

(Filed 16 October 1990)

1. **Trial § 52.1 (NCI3d) — medical malpractice — damages — new trial denied**

    The trial court in a medical malpractice action did not abuse its discretion by denying plaintiff's motion for a new trial on the grounds of grossly inadequate damages where plaintiff's funeral expenses were $3,253.59; plaintiff did not seek recovery of the hospital or other medical bills; plaintiff had no minor dependents; plaintiff's income was approximately $390 per week at the time of her death; plaintiff resided with her daughter, son-in-law, and their children; plaintiff's life expectancy at the time of her death was 26.56 years; plaintiff enjoyed a close relationship with her children, grandchildren and father; the trial court gave instructions to the jury to consider all of the above evidence as well as evidence of plaintiff's pain and suffering prior to her death; there were no stipulations between the parties concerning damages; and the jury awarded $4,000.

    **Am Jur 2d, Physicians, Surgeons, and Other Healers § 370.**

**2. Trial § 39 (NCI3d) — medical malpractice — request for additional instructions — no error**

The trial court did not err in a medical malpractice action by refusing to reinstruct the jury on the issue of damages where the jury, prior to returning a verdict, requested information concerning the amount of funeral expenses; the court instructed the jury that funeral expenses amounted to $3,253.59 and that plaintiff was not seeking recovery of hospital and doctor bills; and plaintiff's request that the entire instruction on damages be repeated was denied. The trial court's answer to the jury question must be read contextually with the other instructions, and it is not clear from the evidence that the jury was confused by this additional information.

**Am Jur 2d, Physicians, Surgeons, and Other Healers § 363; Damages § 988.**

Judge COZORT dissenting.

APPEAL by plaintiff from judgment entered 31 July 1989 by *Judge J. Marlene Hyatt* in GASTON County Superior Court. Heard in the Court of Appeals 29 August 1990.

This appeal arises from a medical malpractice action against defendant alleging, *inter alia*, that defendant failed to diagnose and treat a condition known as sepsis which caused the death of Peggy Pittman (hereinafter plaintiff) in March 1986.

The case was tried before a jury. On 19 July 1989, the jury found defendant to be negligent in plaintiff's death and awarded plaintiff $4,000.00. Plaintiff moved for a new trial on the issue of damages, and the trial court denied the motion. The trial court entered judgment on 31 July 1989. From this judgment, plaintiff appeals.

*Karro, Sellers & Langson, by Seth H. Langson; and Blanchard, Twiggs, Abrams & Strickland, by Douglas B. Abrams, for plaintiff-appellant.*

*Roberts Stevens & Cogburn, P.A., by Isaac N. Northup, Jr., for defendant-appellee.*

WILKINSON v. CRUZ

[100 N.C. App. 420 (1990)]

ORR, Judge.

Plaintiff argues two assignments of error on appeal. For the reasons below, we affirm the trial court's decision.

[1] Plaintiff first argues that the trial court erred in denying plaintiff's motion for a new trial on the issue of damages under Rule 59 of the N.C. Rules of Civil Procedure. Plaintiff contends that the jury award of $4,000.00 was grossly inadequate and reflected a manifest disregard by the jury of the instructions of the court. We disagree.

A motion for a new trial on the grounds of grossly inadequate or excessive damages under Rule 59 is within the sound discretion of the trial court and may be reversed on appeal only when an abuse of discretion is clearly established. *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 484, 290 S.E.2d 599, 603 (1982) (citations omitted); *Moon v. Bostian Heights Volunteer Fire Dept.*, 97 N.C. App. 110, 387 S.E.2d 225 (1990). Our courts have not formulated a precise test to determine what constitutes an abuse of discretion. 305 N.C. at 484, 290 S.E.2d at 604. "For well over one hundred years, it has been a sufficiently workable standard of review to say merely that a manifest abuse of discretion must be made to appear from the record as a whole with the party alleging the existence of an abuse bearing that heavy burden of proof." *Id.* at 484-85, 290 S.E.2d at 604.

A review of the evidence in the case *sub judice* reveals the following on the issue of damages: Plaintiff's funeral expenses were $3,253.59; plaintiff did not seek recovery of the hospital or other medical bills; plaintiff had no minor dependents; plaintiff's income was approximately $390.00 per week at the time of her death; plaintiff resided with her daughter and son-in-law and their children; plaintiff's life expectancy at the time of her death was 26.56 years; and plaintiff enjoyed a close relationship with her children, grandchildren and father.

The trial court gave instructions to the jury to consider all of the above evidence as well as evidence concerning plaintiff's pain and suffering prior to her death. We note that there were no stipulations between the parties concerning damages. Therefore, the jury must weigh the credibility of the witnesses and may believe any part of the testimony or none of it. *Blow v. Shaughnessy*, 88 N.C. App. 484, 494, 364 S.E.2d 444, 449 (1988) (citation omitted).

In denying plaintiff's motion for a new trial, the trial court agreed with defense counsel that the verdict covered the amount of funeral expenses. In this regard, defendant's attorney stated, "[t]he only thing, I guess, pain and suffering, loss of consortium, on the evidence the jury could go either way on that. And they made a decision that they thought was adequate." The trial court apparently agreed with this and denied plaintiff's motion. We agree with the trial court and find that the foregoing evidence shows that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial.

[2] Plaintiff next argues that the trial court erred when it refused to reinstruct the jury on the issue of damages. We find this argument to be without merit.

Prior to returning a verdict, the jury requested information concerning the amount of funeral expenses. The trial court instructed: "the funeral expenses amounted to $3,253.59. The plaintiff is not seeking recovery of the hospital and doctor bills. The Court pursuant to law will direct payment of court costs." Plaintiff requested the court to give the entire instruction on damages (which had been given during its initial instructions), and the court denied this request.

THE COURT: Well, I think it answers specifically what they have asked me about.

[Plaintiff's Attorney]: It does, just whether isolating it is appropriate. I would rather see it as part of the whole picture, but those are accurate responses to the questions that they asked.

Plaintiff maintains that because the trial court answered only the question concerning the amount of funeral expenses and added other information concerning medical expenses, and then refused to give the full instruction concerning damages, the jury was confused and misled. As a result of this confusion, the jury allegedly returned an inadequate award.

We note that plaintiff failed to object to the trial court's additional instruction above pursuant to Rule 21 of the General Rules of Practice for the Superior and District Courts. Assuming *arguendo* that the trial court would have overruled such objection, we have reviewed the evidence of record and find that the trial court did not err.

First, the trial court gave lengthy and clear instructions to the jury concerning what information they should consider in determining the amount of damages. The trial court did not limit these initial instructions to include only funeral expenses, medical bills or court costs. The trial court's answer to the jury question must be read contextually with the other instructions. *See State v. Howard,* 305 N.C. 651, 290 S.E.2d 591 (1982).

Second, it is not clear from the evidence that the jury was confused by this additional information. The only evidence plaintiff presented with a specific monetary value was that of funeral expenses. Plaintiff provided this Court with no evidence of any other specific damages. Plaintiff's evidence contained *references* to loss of consortium, pain and suffering, expected earnings and related damages, but there is no evidence of the amount of damages that could have been awarded for such. Under these circumstances, we cannot find that the trial court confused the jury in providing the additional information.

For these reasons, we affirm the trial court's decision.

Affirmed.

Judge DUNCAN concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

My review of the record and the transcript in this case leads me to the conclusion that the damages awarded were grossly inadequate and reflected a manifest disregard by the jury of the instructions of the trial court. I also find that the trial court erred in failing to grant plaintiff's request to reinstruct the jury on the issue of damages. I therefore vote for a new trial and must dissent from the majority opinion.

In reaching this conclusion, I am mindful of the rule that the trial court has enormous discretion in ruling on motions for a new trial based on inadequate damages. *Robertson v. Stanley,* 285 N.C. 561, 563, 206 S.E.2d 190, 192 (1974). Nonetheless, I find the evidence below compels a conclusion that the jury either disregarded the trial court's instructions on damages or misunderstood the trial court's answer to a question regarding damages posed by the jury.

By statute, the damages recoverable for death by wrongful act include:

(1) Expenses for care, treatment and hospitalization incident to the injury resulting in death;

(2) Compensation for pain and suffering of the decedent;

(3) The reasonable funeral expenses of the decedent;

(4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected:

    a. Net income of the decedent,

    b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,

    c. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

(5) Such punitive damages as the decedent could have recovered had he survived, and punitive damages for wrongfully causing the death of the decedent through maliciousness, wilful or wanton injury, or gross negligence;

(6) Nominal damages when the jury so finds.

N.C. Gen. Stat. § 28A-18-2(b) (1989). "The General Assembly intended the wrongful death statute to as fully as possible compensate persons for the loss of their decedent." *Beck v. Carolina Power and Light Co.*, 57 N.C. App. 373, 381, 291 S.E.2d 897, 902, *aff'd*, 307 N.C. 267, 297 S.E.2d 397 (1982). "The purpose of damages is to restore these beneficiaries to the position they would have occupied had there been no death." *Scallon v. Hooper*, 58 N.C. App. 551, 555, 293 S.E.2d 843, 845 (1982).

In the case below, plaintiff alleged that decedent Peggy Pittman's death was caused by the negligence of the defendant Cruz. In its instructions to the jury, the trial court instructed on all items enumerated in N.C. Gen. Stat. § 28A-18-2(b), with the exception of punitive damages. The court later informed the

WILKINSON v. CRUZ

[100 N.C. App. 420 (1990)]

jury that plaintiff was not seeking recovery of the hospital and doctor bills.

The jury returned a verdict finding that defendant Cruz was negligent. The jury awarded plaintiff $4,000 in damages. Given the uncontradicted evidence presented below, that amount was either grossly inadequate or was an apparent compromise verdict.

Peggy Pittman died of sepsis, more commonly known as blood poisoning. She was hospitalized in Lincoln County Hospital on Sunday, 2 March 1986 with an arm injury. She was treated by Dr. Cruz there. She was transferred to Charlotte Memorial Hospital at approximately 5:00 a.m. on Monday, 3 March 1986. She died on Wednesday, 5 March 1986. Though defendant contends that there was no evidence of pain and suffering, the transcript contains much uncontradicted testimony of pain and suffering. One of the attending physicians testified that on 3 March, Mrs. Pittman "was able to converse even though she was in pain from her arm and had to be given some sedation at Lincoln County." He further testified that as Mrs. Pittman became worse over the next two and a half or three days, she became swollen and her skin blistered. She remained conscious or semi-conscious until the evening of 4 March.

Mrs. Pittman's daughter, Mrs. Pamela Wright, testified that her mother complained of the pain in her arm on Monday. On Tuesday, Mrs. Pittman could not speak because of a tube down her throat. She was swollen, having gained 60 to 70 pounds, and she had dark blotches all over her body. She was able to squeeze her hand and blink her eyes. On Tuesday night tears were coming from her eyes. Mrs. Wright testified that by Wednesday, her mother's skin "had busted open all over." When Mrs. Wright went in to see her mother, she had to turn around and leave "[b]ecause it didn't look nothing like my mom. . . . She was just all back [sic] and blue. And looked like some kind of monster something. [sic]"

Mrs. Pittman's daughter-in-law, Mrs. Lily Lucille Hayes, testified that by Tuesday, Mrs. Pittman's skin was starting to break with fluid running out. By Wednesday her eyes had swollen shut.

There was also evidence that decedent, who was 48 at the time of her death, had a life expectancy of 26.56 years. Family members testified that Mrs. Pittman spent much time with the family, going on vacations with them, babysitting her grandchildren,

going to movies, going out to dinner, and so forth. There was uncontradicted evidence that the funeral expenses were $3,253.59. Thus, the jury's award of $4,000.00 total in damages means that the jury awarded only some $750 for decedent's pain and suffering *and* for the value of the decedent to her children in terms of society, companionship, comfort, guidance, etc. By its first answer the jury found defendant's negligence caused decedent's death. By its second answer the jury said plaintiff was entitled to recover virtually nothing as a result. Such a finding would appear to be obvious error, explainable in either of two ways.

First, the jury may not have understood or remembered all the elements to be considered in the damages issue. After receiving the trial court's instructions, the jury began deliberations at 9:52 a.m. It deliberated an entire day, returning to the courtroom once for additional instructions on negligence before being dismissed for the night at 4:45 p.m. The jury resumed deliberations at 9:30 a.m. the next day. In response to an inquiry from the trial court, the foreman informed the court that the jury was divided ten to two, and asked for more instructions on negligence. Later that morning, the jury sent a written question relating to the damages issue, apparently concerning funeral expenses. (The question does not appear in the record.) The court denied plaintiff's request to repeat the entire instruction on damages, and sent a written response to the jury which stated: "Members of the Jury, the funeral expenses amounted to $3,253.59. The plaintiff is not seeking recovery of the hospital and doctor bills. The Court pursuant to law will direct payment of court costs."

I believe this brief instruction, given some day and a half after the original full instructions on damages were given, could have caused the jury to consider the funeral expenses only, without considering the other pertinent evidence of damages. It was thus error for the trial court to deny plaintiff's request to repeat the full instructions on damages. The majority's reference to or reliance on Rule 21 of the General Rules of Practice of the Superior and District Courts is misplaced. The plaintiff was not objecting to the *content* of the trial court's new instruction; the plaintiff objected to the trial court's refusal to repeat *all* the instructions on damages.

The second way to explain the jury's award of only $4,000.00 in damages is compromise verdict. The jury deliberated on the

first issue of negligence for over a day and reported to the court on the second day that the vote stood ten to two. Later that day the jury received information from the court that the funeral expenses were $3,253.59, and came back with a verdict against defendant for $4,000.00. Given that scenario, there is ground for strong suspicion that the amount awarded was the result of a compromise. *See Robertson*, 285 N.C. at 569, 206 S.E.2d at 196. In my opinion, the trial court should have ordered a new trial on all issues, and I dissent from the majority's opinion affirming the trial court's rulings.