STATE OF NORTH CAROLINA v. CLIFTON DARRELL WELCH

No. 8718SC851

(Filed 1 March 1988)

1. **Narcotics § 4— possession with intent to sell and deliver heroin—evidence sufficient**

   The evidence was sufficient to convict defendant of possession with intent to sell and deliver heroin where defendant had an object the size of a cigarette pack in a paper sack when he got off an airplane; the sack was empty when he was searched; between the two times he had no opportunity to get rid of the object except while in telephone booths; the drugs were in the first telephone booth occupied by defendant within a minute after defendant was in it; no one else was seen around the booths; and the cigarette pack contained twenty-six packets of heroin.

2. **Narcotics § 3.1— presence at airport—possession of airline tickets in someone's name—relevant**

   The trial court did not err in a prosecution for possession with intent to sell and deliver heroin on 8 August 1986 by admitting evidence of defendant's presence at the airport on 6 August 1986 with no luggage and of defendant's possession of airline tickets in someone else's names. The evidence was relevant and probative in that it helps to complete the picture of one continuous illegal act that was planned and prepared for and which made it more probable that defendant possessed the heroin involved. N.C.G.S. § 8C-1, Rule 401.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 6 May 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 9 February 1988.

*Attorney General Thornburg, by Associate Attorney General Kim L. Cramer, for the State.*

*Assistant Public Defender Frederick G. Lind for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant, convicted of possession with intent to sell and deliver heroin, a controlled substance, in violation of G.S. 90-95(a)(1), contends that the evidence was insufficient to convict him. Defendant offered no evidence, and the State's evidence in pertinent part was to the following effect: On 6 August 1986 two State Bureau of Investigation detectives, Kevin West and Stephen Porter, saw defendant at the Greensboro airport with no luggage and holding a plane ticket with the name D. Massey printed on it; they next saw him on 8 August 1986 deplaning at the same airport carrying a paper sack, which had an object inside of it about the same size as a pack of Newport cigarettes that defendant held in his hand; the detectives followed defendant to the baggage retrieval area where he sat down in one of several open telephone booths that were divided by partitions, peeped over the edge of the partition at the detectives, and then moved to an adjacent booth; the detectives approached defendant, identified themselves, and asked to see his airline ticket; defendant showed them a ticket in the name of Charles Johnson and said that was his name; but after producing his Social Security card he admitted that his name was Welch and said someone else reserved the ticket for him; the detectives stated they were doing a narcotics investigation and asked defendant if he would mind being searched; he said he would not and in a quick pat down conducted in the airport's nearby security office the detectives found nothing in the paper sack and nothing of consequence on defendant; Detective West then ran to the first telephone booth defendant had sat down in and found a Newport cigarette pack containing twenty-six packets of a white powder; the detectives then ran after defendant, saw him trying to stuff his plane ticket under some bark chips, and arrested him; approximately sixty seconds elapsed from when the detectives first approached defendant in the phone booth and when Detective West found the cigarette pack, and during that time neither detective saw any other people around the booths; the white powder was later determined to be heroin.

That the white powder in the cigarette package found by Detective West was heroin and that heroin is a controlled substance under the North Carolina Controlled Substances Act, G.S. 90-86 to G.S. 90-113.8, is not contested; nor is it disputed that having

twenty-six little, individual bags of heroin is evidence of an intent to sell heroin. Thus, the only other element of the crime defendant was convicted of that the State's evidence has to show is that defendant possessed the heroin. *State v. Casey*, 59 N.C. App. 99, 296 S.E. 2d 473 (1982). In our opinion the State's evidence does that. Direct evidence of defendant's possession of the heroin was not required; it is sufficient that defendant's possession can reasonably be inferred from the evidence. *State v. White*, 293 N.C. 91, 95, 235 S.E. 2d 55, 58 (1977). From the evidence indicating that defendant had an object the size of a cigarette pack in a paper sack when he got off the plane, that the sack was empty when he was searched, that between the two times he had no opportunity to get rid of the object except while in the phone booths, that the drugs were in the phone booth within a minute after defendant was in it, and that no one else was seen around the phone booths, it can be reasonably inferred that defendant had the drug-filled cigarette package in the sack when he got off the plane and that he put it in the phone booth. The argument that this evidence gives rise only to "suspicion or conjecture" that defendant possessed the heroin is rejected; it meets the reasonable inference standard required by law. *See State v. Jones*, 303 N.C. 500, 504, 279 S.E. 2d 835, 838 (1981). Defendant's reliance upon *State v. Chavis*, 270 N.C. 306, 154 S.E. 2d 340 (1967) is misplaced. The evidence in that case was different from the evidence in this case in several significant respects. In *Chavis* first, there was evidence that another person was with the defendant when the marijuana may have been put in a hat and left in a vacant lot; second, there was no evidence that the marijuana had ever been on Chavis' person or in his possession, the only connection to him being that the hat the marijuana was found in looked like the hat Chavis was wearing earlier; and third, approximately a half hour passed between the time Chavis and the other man were seen together near the vacant lot and when the hat with the marijuana in it was found.

[2]  Defendants last two arguments are that the court erred in not excluding evidence of his presence at the airport on 6 August 1986 and his possession of airline tickets with someone else's names on them. He argues that this evidence was irrelevant and therefore inadmissible. Under Rule 401, N.C. Rules of Evidence, evidence is relevant if it makes "any fact that is of consequence

to the determination of the action more probable or less probable than it would be without the evidence," and Rule 402 states that except as otherwise provided "all relevant evidence is admissible," and we know of no constitutional, statutory, or other provision that forbids the receipt of this evidence. It is both relevant and quite probative in our opinion; for it helps to complete the picture of one continuous illegal act that was planned and prepared for and makes it more probable that defendant possessed the heroin involved.

No error.

Judges ARNOLD and COZORT concur.